## AARON BARNETT, APPELLANT, *v.* PAULINE ZACHARIAS AND ELIAS J. ZACHARIAS, RESPONDENTS.

*Estoppel — when a mortgagor cannot set up the invalidity of a mortgage, as against one whom he has induced to purchase it.*

The assignee of a mortgage given by the defendants having threatened to foreclose the same, and the defendants having applied to the plaintiff to take an assignment thereof, the latter agreed to take such assignment and extend the time of payment for one year, in consideration of which the defendants paid to him the sum of $250. The plaintiff took the assignment in good faith, and without any notice or knowledge that the mortgage had been given to secure an usurious debt.

In an action brought by him to foreclose the mortgage, *held*, that the defendants were estopped from alleging that the mortgage was void for usury.

APPEAL from a judgment in favor of the defendants, entered on the trial of this action at Special Term.

*A. R. Dyett*, for the appellant.

*James C. De La Mare*, for the respondents.

DANIELS, J.:

A bond and mortgage existed against the defendants which had been given for the loan of money at a usurious rate of interest. They had been assigned by the mortgagee to another person who was threatening to foreclose them.

The defendants were unable to pay the mortgage debt, and for that reason an agreement was, at their instance, made between them and the plaintiff that he should take an assignment of these instruments. He did so in good faith for a valuable consideration, and without any notice or knowledge that they had been given to secure a usurious debt.

Neither at the time when the plaintiff purchased them, nor at any period previous to that time, did the defendants, or either of them, inform him that they claimed the bond and mortgage to be usurious. He agreed with them to take the assignment which was made to him, and to extend the time for the payment of the $2,500 secured, for the period of one year from the 8th day of July, 1873, for which the defendants paid him the sum of $250. Upon these facts being made to appear on the trial of the cause, the complaint was dismissed and judgment given in favor of the defendants.

That direction is now assailed as erroneous, for the reason that the defendants should not be permitted to allege or establish the invalidity of the bond and mortgage after inducing the plaintiff to purchase and to advance his money upon them. What transpired at the interview which led to the plaintiff's agreement to take the assignment, was sufficient to create the belief that the bond and mortgage were lawful obligations existing against the defendants. If that had not been the fact they could have been in no danger from the threatened foreclosure, and could have had no object in endeavoring to induce the plaintiff to acquire the title to them. That would ordinarily be the impression produced upon the mind of any intelligent person by what was said, and for that reason it was equivalent to an affirmative representation that no obstacle stood in the way which would prevent the enforcement of the mortgage as a security against the property described in it.

The plaintiff was induced to act upon such an understanding of its nature, and although that was not declared in words to be the case, the effect was the same, because it was plainly to be implied; which was sufficient to constitute what the law has denominated an estoppel. For the defendants induced the plaintiff, by what was the fair construction of their conduct and their words, to advance his money upon a security which they now allege to be inoperative and unlawful.

The rule upon this subject is, that a person who negligently or culpably stands by and allows another to contract on the faith and understanding of a fact which he can contradict, cannot afterwards dispute that fact in an action affecting the person whom he has himself assisted in deceiving. (*Thompson* v. *Blanchard*, 4 Comst., 303–309).

Where one by his words or conduct willfully causes another to believe the existence of a certain state of things, and induces him to act upon that belief so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the time. The rule has been stated to be that when a man has made a declaration, or representation, or caused or in some cases not prevented a false impression, or done some significant act with intent that others should rely and act thereon, and upon which others have honestly relied and acted, he shall not be permitted to prove that the representation was false or the act unauthorized or ineffectual, if injury would occur to the innocent party who has acted in full faith in its truth or validity. (2 Parsons on Con. [6th ed.], 793–798, and cases cited in notes; *Muller* v. *Pondir*, 55 N. Y., 325–334, 335; *Payne* v. *Burnham*, 62 id., 69; *Blair* v. *Wait*, 69 id., 113, 116.) And in *Carpenter* v. *O'Dougherty* (2 T. & C., 427; *Kelly* v. *Scott*, 49 N. Y., 595), it was deemed to be properly invoked and applied under circumstances very much of the legal nature of those appearing in this case. After inducing the plaintiff to purchase this bond and mortgage, and advance his money upon it as he did, as a security existing against and endangering the property described in it, the defendants should not now be permitted to gainsay the effect of their conduct by defeating the expectations and belief which it was naturally calculated to create. The complaint should not, under the circumstances which were shown, have been dismissed, but the action on the contrary should have been sustained. The judgment, therefore, should be reversed, and a new trial ordered, with costs to abide the event.

DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed and new trial ordered, costs to abide event.